*STARK COUNTY—MARCH TERM, 1818.*

PRESENT—TAPPAN, *President ;* HOOVER, COULTER AND HENRY,
*Associates.*

## STOUT vs. LISINGER.

After the jury are sworn in an inquiry of damages, the defendant cannot be admitted to plead to the action without an affidavit of merits and payment of costs. In an inquiry of damages, the question is *how much*, and not whether any damages are to be awarded.

### INQUIRY OF DAMAGES.

After the jury were impannelled and sworn, HARRIS, for the defendant, moved for leave to plead.

PRESIDENT.—This motion comes too late, and unless under special circumstances, cannot be granted. If the delay can be accounted for, if the defendant has merits, and will be content to pay costs including a jury fee, we will hear an application ; but this motion, unsupported by affidavit of any kind, must be denied.

HARRIS stated that his client was not in court, so that it was not in his power to file affidavit instantly.

PRESIDENT.—The inquiry must proceed.

GOODENOW for the plaintiff.—The action was brought on an appearance bail bond against the bail. It appeared in evidence that, in the suit against the principal, the plaintiff proceeded to judgment and execution, and that the execution, a *Ca sa*, was returned by the sheriff, that "he had taken the body of the defendant named therein, and had discharged him by order of the plaintiff."

PRESIDENT.—Filing a declaration in the original suit was a waiver of bail, and might have been placed in bar of this action ; so the discharge of the principal, when taken on a *ca sa* issued on the judgment obtained in the suit to compel an appearance, in which this bond was taken, is a discharge of the demand secured by it. It is evident, therefore, that the plaintiff ought not to recover, and could not recover, had not the defendant neglected making any defence, and by his default left the question to be how much, and not whether any, damages. The verdict ought to be for mere nominal damages. Verdict for 6 cents.